**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                    No. 02-4059

MARK THOMPSON,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-00-147-AMD)

Submitted: August 19, 2002

Decided: November 19, 2002

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Kenneth W. Ravenell, SCHULMAN, TREEM, KAMINKOW, GIL-
DEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Martin J. Clarke,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Thompson appeals his conviction for possession of a firearm after having been convicted of a crime punishable by imprisonment in excess of one year, in violation of 18 U.S.C. § 922(g) (2000). Finding no reversible error, we affirm.

Thompson first contends the district court erred by denying his motion to dismiss the charges against him. Thompson contends he was denied the right to a speedy trial in violation of the Sixth Amendment. We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Ward*, 171 F.3d 188, 193 (4th Cir. 1999). We find no error in the district court's decision to deny Thompson's motion. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Thompson next contends the district court erred in denying his suppression motion. This court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). Reviewing the evidence in the light most favorable to the Government, *see United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998), we find that at the time of Thompson's seizure, police at the very least had reasonable suspicion that criminal activity was afoot. *See Terry v. Ohio*, 392 U.S. 1 (1968). Consequently, the court properly denied Thompson's suppression motion.

Accordingly, Thompson's conviction is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*